IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SHAE CLIFTON EURAN,<br><br>    Defendant. | Case No. 20-CR-160-JFH |

**OPINION AND ORDER**

Before the Court is Defendant's Unopposed Motion to Terminate Supervised Release ("Motion"). Dkt. No. 112. The Court finds that early termination of Defendant's supervised release is not warranted at this time, and Defendant's Motion is therefore denied.

On September 9, 2020, Defendant was charged by indictment with one count of distributing 50 grams or more of methamphetamine in violation of 21 U.S.C. §§846 and 841(b)(1)(A)(viii), and one count of aiding and abetting the distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. §2. Dkt. No. 2. On July 8, 2021, Defendant pled guilty to one count of conspiring to distribute methamphetamine in violation of 21 U.S.C. §§846 and 841(b)(1)(A)(viii), as charged in a criminal information filed on July 2, 2021. Dkt. No. 51.

On January 3, 2022, Defendant was sentenced to a term of imprisonment of time served (Defendant was held in pretrial detention for approximately two weeks), to be followed by a term of supervised release of four years. Dkt. No. 76. Defendant has been on supervised release for approximately two years and six months.

A district court's power to terminate or modify a term of supervised release is set forth in 18 U.S.C. §3583(e). A district court may terminate a period of supervised release – after one year has elapsed – if, after consideration of the factors set forth in 18 U.S.C. § 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the Court is satisfied that termination is "warranted by the conduct of the defendant released and the interests of justice." *See* 18 U.S.C. § 3583(e)(1); *United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (unpublished); *cf. Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) ("Whether to grant a motion to terminate a term of supervised release . . . is a matter of sentencing court discretion."); *United States v. Sheppard*, 17 F.4th 449, 455 (3d Cir. 2021) (whether to terminate a term of supervised release rests in the district court's discretion).

Having considered the factors required by 18 U.S.C. §3583(e), the Court does not find that terminating Defendant's term of supervised release early is either warranted by Defendant's conduct or in the interests of justice. Defendant has thus far had no issues in serving his term of supervised release, and Defendant's efforts to better himself are to be commended. However, Defendant has only done what is expected of him as an individual on supervised release. Considering the nature and circumstances of Defendant's offense, the characteristics of the Defendant (in particular, Defendant's history of involvement with unlawful narcotics), and those factors set forth in 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D), the Court finds that early termination of supervised release is not warranted.

Case 4:20-cr-00160-JFH   Document 113 Filed in USDC ND/OK on 06/26/24   Page 3 of 3

For the reasons stated herein, Defendant's Motion is denied.

IT IS THEREFORE ORDERED that Defendant's Unopposed Motion to Terminate Supervised Release [Dkt. No. 112] is DENIED.

Dated this 26th day of June 2024.

*[signature]*

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE